IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL BELL, et al.,<br><br>Defendants. | CV-17-35-GF-BMM-JTJ<br><br>**ORDER** |

Plaintiffs Gary Quigg, Allen Witherall, and Timothy Schoen filed a Complaint on April 11, 2017. (Doc. 4.) The Complaint alleged, generally, denial of medical care, interference with legal access, and conditions of confinement claims against United States Marshals, and employees and medical providers at Crossroads Correctional Center in Shelby, Montana, the Yellowstone County Detention Facility in Billings, Montana, and the Big Horn County Jail in Basin, Wyoming. (Doc. 4.)

United States Magistrate Judge John Johnston issued an Order in this matter on April 13, 2017. (Doc. 6.) Judge Johnston severed the Plaintiffs' claims, and ordered each Plaintiff to file an amended Complaint on or before May 12, 2017. (Doc 8.)

1

Quigg filed his First Amended Complaint on May 10, 2017. (Doc. 13.) Quigg supplemented his Complaint on May 19, 2017. (Doc. 14.) Quigg moved to supplement additionally his Amended Complaint on June 19, 2017. (Doc. 15.)

Judge Johnston issued an Order on November 2, 2017. (Doc. 20.) Judge Johnston granted Quigg's Motion to Supplement. (Doc. 20 at 1.) Judge Johnston screened Quigg's Amended Complaint as required by 28 U.S.C. §§ 1915, 1915A. Judge Johnston found that Quigg had stated a claim for denial of medical care against medical providers at Yellowstone County Detention Center. (Doc. 20 at 1.)

Judge Johnston further found that all other allegations failed to state a claim upon which relief may be granted. (Doc. 20 at 1.) Judge Johnston indicated that he would recommend dismissal, in a subsequent order, of such claims that could not be cured by the allegation of additional facts. (Doc. 20 at 26.)

Judge Johnston granted Quigg the opportunity to file a second amended complaint by November 30, 2017, however, regarding such claims that Judge Johnston found to possess defects that may be cured by additional factual allegations. (Doc. 20 at 27.) Judge Johnston extended this deadline to January 5, 2018, upon Quigg's motion for such relief. (Doc. 22.)

Quigg filed Objections to Judge Johnston's April 13, 2017, and November 2, 2017, Orders on January 8, 2018. (Doc. 23 at 10.)

2

## I. LEGAL STANDARD

The Court reviews for clear error when a party objects to the order of a magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). This Court must defer to the magistrate's order unless it is clearly erroneous or contrary to law. *Id.*

## II. DISCUSSION

Quigg raises seven objections to Judge Johnston's Order. Quigg first objects to Judge Johnston's April 13, 2017, order to sever. (Doc. 23 at 1-2.) Quigg further objects to Judge Johnston's "proposed dismissal" of all Crossroads defendants (Objection 2) and the United States Marshals Service defendants in Count 1 (Objection 3). (Doc. 23 at 2-6.) Quigg's remaining objections concern Counts for which Judge Johnston granted Quigg leave to amend. (Doc. 23 at 6-8.)

### A. Severance

Judge Johnston ordered that Plaintiffs Quigg, Witherall, and Schoen must proceed separately on their own claims. (Doc. 8 at 2.) Judge Johnston noted that the Ninth Circuit has not addressed the issue of whether multiple pro se prisoner-plaintiffs may join their claims together. *Id.* Upon an analysis of the relevant Rules of Civil Procedure and statutes governing prisoner litigation, Judge Johnston concluded: 1) that severance minimized the potential conflict between the Prison Litigation Reform Act's (PLRA) mandate that each prisoner-plaintiff pay the full

3

filing fee and the statute's concurrent prohibition on collection of fees in excess of the fee imposed for commencement of a civil action; 2) that severance avoided the danger that a pro se prisoner might be penalized under Federal Rule of Civil Procedure 11 for inaccurate factual statements made by a co-plaintiff; 3) that severance prevents pro se prisoner-plaintiffs from circumventing the "three strikes rule" by joining complaints or appeals that are frivolous, malicious, or fail to state a claim with co-plaintiffs' meritorious complaints or appeals; and 4) that severance avoids the practical difficulties of joint litigation among pro se prisoner-plaintiffs. (Doc. 8 at 3-7.)

Quigg argues that the Ninth Circuit in 1982 permitted three pro se prisoner-plaintiffs to proceed jointly. (Doc. 23 at 2.) Quigg further argues that Judge Johnston's reasoning contravenes the permissive joinder rule found in Federal Rule of Civil Procedure 20 despite the PLRA's silence on joint filings. *Id.*

Quigg cites *Pepperling v. Crist*, 678 F.2d 787 (9th Cir. 1982), for the proposition that the Ninth Circuit condones joint actions by pro se prisoner-plaintiffs. (Doc. 23 at 2.) Judge Johnston did not analyze the circumstances of *Pepperling*, but, as even Quigg acknowledges, *Pepperling* predates the PRLA. (Doc. 12 at 2.) Judge Johnston acknowledged additionally that severance forecloses pro se prisoner-plaintiffs of the opportunity to proceed jointly under Federal Rule of Civil Procedure 20. (Doc. 8 at 7.) Judge Johnston noted, however,

4

that payment of a single filing fee constitutes the primary benefit to litigants seeking to file jointly under Rule 20. *Id.* The PLRA itself requires that each prisoner must pay the filing fee. *Id.*

The Court has reviewed Judge Johnston's Order for clear error. The Court finds no error, and overrules Quigg's objection to severance.

### B. Proposed Dismissal

Quigg's second and third objection concern the "proposed dismissal" of the Crossroads Correctional Center defendants, and the United States Marshals Service Defendants named in Count 1. (Doc. 23 at 2-4.)

Judge Johnston has yet to recommend dismissal of these defendants to the Court. At this stage, the Court has reviewed Judge Johnston's Order for clear error. Finding none, Quigg's objections to the "proposed dismissals" are overruled.

Quigg may raise his objections to Judge Johnston's interpretation of relevant precedent at the time that Judge Johnston makes a recommendation of dismissal. The Court will then conduct de novo review of any finding or recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C).

### C. Amendable Claims

Quigg's remaining objections concern allegations for which Judge Johnston has granted Quigg leave to amend. (Doc. 23 at 6-8.) At this stage, the Court has

5

reviewed Judge Johnston's Order for clear error. The Court finds no error, and overrules Quigg's objections.

Review of the docket indicates that Quigg has yet to file a second amended complaint or to advise the Court that he wishes to proceed on the denial of medical care claim alone. Judge Johnston ordered Quigg to file his second amended complaint or notice of intent to proceed by January 5, 2018. (Docs. 20 at 27; 22.)

The Clerk of Court received Quigg's Objections on Monday, January 8, 2018. (Doc. 23.) The Objections are dated January 4, 2018, a Thursday. *Id.* at 8. Prisoner filings are deemed filed when delivered to prison authorities for forwarding to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court assumes the timeliness of Quigg's Objections.

The Court notes Quigg's *pro se* status. The Court must "liberally construe" *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will construe Quigg's objections to toll the time Judge Johnston provided for Quigg to file his second amended complaint. Quigg may file a second amended complaint by July 20, 2018.

Should Judge Johnston's recommend dismissal of these claims upon screening of Quigg's second amended complaint, Quigg may raise his objections to those recommendations to receive de novo review. 28 U.S.C. § 636(b)(1)(C).

## III. ORDER

Accordingly, **IT IS ORDERED** that Quigg's Objections to Magistrate Judge Johnston's Orders (Doc. 23) are **OVERRULED**.

Quigg must file a second amended complaint or provide notice of his intent to proceed on his denial of medical care claim against Nurse Vicki, Nurse Angie, and PA Caruso on or before July 20, 2018.

Quigg must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of the case without notice.

DATED this 22nd day of June, 2018.

Brian Morris
United States District Court Judge