IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARY L. QUIGG, <br><br> Plaintiffs, <br><br> vs. <br><br> SHERIFF MIKE LINDER; ANGELA NIESS, LPN; VICTORIA SCOTT, LPN; and CHRISTOPHER CARUSO, PA, <br><br> Defendants. | CV 17-00035-GF-BMM-JTJ <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Defendants Niess, Scott, and Caruso's Amended Motion to File Amended Answer (Doc. 70) and Plaintiff Gary Quigg's Consolidated Motion to Amend/Supplement Complaint and for Authorization to Utilize Expert Reports/Depositions Entered into Evidence in Other Cases (Doc. 71).

## I. Motions to Amend

Rule 15(a) is very liberal and the "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951.

1

The burden to demonstrate prejudice falls upon the party opposing the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## A. Motion to Amend Answer

Defendants seek to amend their answer to include the affirmative defense of failure to exhaust administrative remedies. Mr. Quigg did not respond to the motion. Pursuant to Local Rule 7.1(d)(1)(B)(ii), the "failure to file a response brief may be deemed an admission that the motion is well-taken." The motion will be granted and Defendants are directed to file their amended answer.

## B. Motion to Amend Complaint

Defendants first object to Mr. Quigg amending his complaint because they argue he has not made a showing of good cause as required by the Court's Scheduling Order. In that Scheduling Order, the Court set an amended pleadings deadline of September 30, 2019. (Doc. 51.) Defendants argue Mr. Quigg's motion to amend was late in that it was filed on October 4, 2019. However, because Mr. Quigg is a prisoner proceeding pro se, he is entitled to the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the

document to prison officials for mailing). As Mr. Quigg dated his motion September 27, 2019, the Court will deem it timely file prior to the amended pleadings deadline.

Mr. Quigg seeks to add three new defendants to his Complaint. First, he seeks to add Yellowstone County. Defendants admit that Yellowstone County is already a defendant in the case because Mr. Quigg has named Sheriff Linder in his individual and official capacity. (Second Amended Complaint, Doc. 25 at 4, ¶ 15.) A suit against an official in their official capacity is suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Therefore, it is unnecessary to name Yellowstone County and Mr. Quigg's motion to amend as to Yellowstone County should be denied.

Next, Mr. Quigg seeks to add Nurse Scott as a Defendant based upon Nurse Scott's response to Mr. Quigg's January 4, 2016 inmate complaint form. Defendants correctly argue that Mr. Quigg's claims against Nurse Scott based upon the January 4, 2016 complaint form are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Mr. Quigg's first sought to amend his filings to add

3

Nurse Scott with his September 27, 2019 Supplement. Therefore, all claims accruing prior to September 27, 2016 are barred by the applicable statute of limitations. Mr. Quigg is therefore time barred from raising a claim against Nurse Scott for incidents which occurred in January 2016 and the motion to add Nurse Scott as a defendant should be denied.

Mr. Quigg also seeks to also add Nurse Kelly as a Defendant based upon Nurse Kelly's responses to Mr. Quigg's medical request forms on July 6, 2017. Defendants argue that the motion to add Nurse Kelly should be denied because Mr. Quigg's Second Amended Complaint only concerns Mr. Quigg's incarceration at YCDC from September to October 2015 and from December 2015 to January 2016. Defendant argues that Mr. Quigg's new allegations against Nurse Kelly arose during a third incarceration from June 27 to July 13, 2017. Nurse Kelly was an employee of Correctional Health Partners who replied to several of Mr. Quigg's kites and grievances during this time period. Defendant Linder argues that these allegations against Nurse Kelly are therefore unrelated to Mr. Quigg's claims in his Second Amended complaint. (Doc. 73 at 7.)

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

4

> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2). Rule 20 is a flexible rule that allows for fairness and judicial economy. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against, each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Out of an abundance of caution, the Court will allow Mr. Quigg to bring his claims against Nurse Kelly. Mr. Quigg's pending claims concern his allegations that Defendants withheld prescription medications from him. In his Motion to Amend, Mr. Quigg seeks to add a claim that Nurse Kelly also denied him adequate and effective pain medications. Although the incidents involving Nurse Kelly

occurred at a later point in time, it could conceivably be construed as arising out of the same series of transactions or occurrences. In addition, the same questions of law and similar issues of fact will be common to all defendants.

Mr. Quigg's Motion to Amend will be granted as to Nurse Kelly and it should be denied as to Nurse Scott and Yellowstone County.

**II. Motion to Utilize Expert Reports/Deposition from Other Cases**

Mr. Quigg is also seeking to use expert witness reports and depositions that have been entered and accepted into evidence in other federal district courts in other jurisdictions on the same facts and legal issues present in this case. (Doc. 71 at 4.) Defendants object on the grounds that Mr. Quigg has not presented any such expert reports or depositions, that depositions are not reports prepared and signed by the witness as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, that they will be unable to depose any such witness, and that such reports would not constitute inadmissible hearsay. (Doc. 72.)

The Court has serious concerns regarding Mr. Quigg's proposal but at this point that is all it is, a proposal. To the Court's knowledge, Mr. Quigg has not identified any such reports or depositions in discovery and Defendants have not filed any motions in limine to strike any such evidence. The Court will not make an advisory ruling regarding reports or depositions which Mr. Quigg may or may not seek to introduce. The motion will be denied without prejudice.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Defendants Niess, Scott, and Caruso's Amended Motion to File Amended Answer (Doc. 70) is GRANTED

2. Mr. Quigg's Motion to Amend/Supplement Complaint (Doc. 71) is GRANTED as to Nurse Kelly. On or before December 2, 2019, counsel for Defendants shall advise the Court whether they will accept service on behalf of Defendant Kelly. If so, Defendant Kelly's answer or appropriate motion will be due on or before January 3, 2020.

3. Mr. Quigg's Motion for Authorization to Utilize Expert Reports/ Depositions Entered into Evidence in Other Cases (Doc. 71) is DENIED WITHOUT PREJUDICE.

Further, the Court issues the following:

**RECOMMENDATIONS**

Mr. Quigg's Motion to Amend/Supplement Complaint (Doc. 71) should be DENIED as to Nurse Scott and Yellowstone County.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of November, 2019.

                                                            */s/ John Johnston*
                                                           John Johnston
                                                           United States Magistrate Judge

---

[1] **Error! Main Document Only.**Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Quigg is being served by mail, he is entitled an additional three days after the period would otherwise expire.