IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>                Plaintiff,<br><br>vs.<br><br>SHERIFF MIKE LINDER; ANGELA NIESS, LPN; VICTORIA SCOTT, LPN; CHRISTOPHER CARUSO, PA; and FELICIA KELLY, RN,<br><br>                Defendants. | CV-17-35-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Gary L. Quigg ("Quigg") filed a Second Amended Complaint against Mike Lender, Angela Niess, Victoria Scott, Christopher Caruso, and Felicia (collectively "Defendants"). Doc. 25. Quigg was incarcerated at the Yellowstone County Detention Facility ("YCDF") several times between 2015 and 2017. Doc. 147 1−2. Quigg alleges that Defendants violated his Eighth and Fourteenth Amendment rights be refusing to give him prescribed medications and attempting instead to give him ineffective substances. Doc. 25 at 17.

Quigg filed a Motion for Partial Summary Judgment. Doc. 104. Defendants filed several Motions for Summary Judgment. Docs. 89, 94, 125. Defendant Kelly filed a Motion to Compel. Doc. 123. Quigg filed a Motion to Strike the Motion to

Compel. Doc. 129.  Quigg filed a Motion to Strike.  Doc. 141.  Defendants Caruso, Niess, and Scott filed a Motion to Strike Plaintiff's Declaration Submitted in Support of his Position in the Statement of Disputed Facts.  Doc. 145.  United States Magistrate Judge John Johnston entered a Findings and Recommendations on these motions.  Doc. 147.

Judge Johnston recommended that the Court grant Defendants' Motions for Summary Judgment, deny Quigg's Motion for Summary Judgment, and dismiss the case.  *Id*. at 1.  Judge Johnston denied the remaining motions as moot.  *Id*. at 32−33.

This Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects.  28 U.S.C. § 636(b)(1).  A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that this Court is able to identify the issues and the reasons supporting a contrary result."  *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010).  This Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014).  Clear error exists if

this Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's Findings and Recommendations. The Court will review Judge Johnston's Findings and Recommendations (Doc. 147) for clear error. *Rosling*, 2014 WL 693315, at *3.

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Judge Johnston correctly identified that Quigg failed to establish any evidence that Defendants violated Quigg's Fourteenth Amendment rights. Quigg established at most that he had a differing opinion regarding his medical treatment which proves insufficient to maintain a Fourteenth Amendment claim. Doc. 147 at 32. The Court adopts Judge Johnston's Findings and Recommendations (Doc. 147) in full.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Quigg's Motion for Partial Summary Judgment (Doc. 104) is **DENIED**.

2. Defendants' Motions for Summary Judgment (Docs. 89, 94, 125) are **GRANTED**.

3. The Clerk of the Court shall enter judgment and close this matter.

4.  The Clerk of the Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated the 9th day of December, 2020.

_____
Brian Morris, Chief District Judge
United States District Court